UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LANEL WIMBERLY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:19-CV-1199-JD-MGG |

OPINION AND ORDER

Lanel Wimberly, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing in case STP 19-05-66, where a Disciplinary Hearing Officer (DHO) found him guilty of disorderly conduct in violation of Indiana Department of Correction (IDOC) policy B-236. (ECF 1 at 1.) Wimberly was sanctioned with the loss of 30 days earned credit time and a one-step demotion in credit class. (*Id.*) The Warden has filed the administrative record. However, Wimberly did not file a traverse and the time to do so has passed. *See* N.D. Ind. L. Cr. R. 47-2. Thus, this case is now fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539, 563-67 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 454 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

On May 16, 2019, Investigator R. Patton wrote a conduct report charging Wimberly with violating offense B-236, which prohibits an inmate from "Disorderly conduct: exhibiting conduct which disrupts the security of the facility or other area in

2

which the offender is located." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. *See* https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf. The conduct report states:

> On 5/16/19, Lanel Wimberly IDOC# 268825 refused to return to his housing unit, and stated he would refuse to enter any housing unit. This caused a staff member to be pulled away from their normal job duties in order to supervise[] Wimberly in the shift office for an extended period of time. End of report.

(ECF 7-1 at 1.)

On May 24, 2019, Wimberly was notified of the charge when he was served with the conduct and screening reports. (ECF 7-1 at 1; 7-2 at 1.) He pled not guilty to the charge. (ECF 7-2 at 1.) Wimberly requested his mother, Nancy Wimberly, and Sergeant Juarez as witnesses. (*Id.*) His request for his mother to serve as a witness or provide a written statement was denied because she was not present for the incident and could not attest to what took place. (ECF 7-5 at 1.) Sergeant Juarez provided the following written statement: "I, Sgt. Juarez witnessed Offender Wimberly refuse housing on 5-16-2019." (ECF 7-6 at 1.)

After he was transferred to the Miami Correctional Facility, the hearing officer held Wimberly's hearing on June 18, 2019. (ECF 7-4 at 1.) At the hearing, Wimberly stated that he did not want to return to his housing unit on May 16, 2019, because he had been threatened by other inmates. (*Id.*) Based on the staff reports, which included the conduct report and Sergeant Juarez's statement, the hearing officer found Wimberly guilty of violating offense B-236. (*Id.*)

In his petition, Wimberly presents two grounds, which he claims entitles him to habeas corpus relief. In his first ground, he argues there was insufficient evidence for the hearing officer to find him guilty. (ECF 1 at 2.) In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. On May 16, 2019, Investigator Patton authored a conduct report in which he documented that Wimberly refused to return to his housing unit and also indicated that he refused to enter any housing unit. (ECF 7-1 at 1.) This resulted in a prison staff member being taken away from his normal job responsibilities to supervise Wimberly in a shift office for an extended period of time. (*Id.*) The staff member was required to address Wimberly's disorderly conduct to the exclusion of others, causing disruption to the security and normal operation of the prison. Given Investigator Patton's conduct report, there was more than "some evidence" for the hearing officer to find Wimberly guilty of violating offense B-236.

In his petition, Wimberly does not deny that he refused to follow the officer's order to return to his housing unit. (ECF 1 at 2.) Instead, he argues that he was justified in doing so because he feared for his life as some of the inmates in his housing unit were planning to hurt him. (*Id.*) However, Wimberly is improperly inviting the court to reweigh the evidence in this case. In other words, he is asking the court to overturn the hearing officer's decision by now claiming that he did not want to return to his housing unit because he was afraid he would assaulted. The court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." *McPherson*, 188 F.3d at 786. Rather, it is the court's role to determine if the

4

hearing officer's decision to revoke good time credits has some factual basis. *Id*. Because the hearing officer appropriately considered the evidence in this case and a rational adjudicator could conclude that Wimberly's conduct disrupted the security and normal operation of the prison by diverting staff to attend to Wimberly, there was no violation of his due process rights. *Hill*, 472 U.S. at 457 (due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board"). Accordingly, because the hearing officer's finding of guilt was neither arbitrary nor unreasonable, this ground does not identify a basis for granting habeas corpus relief.[1]

In the second ground of his petition, Wimberly asserts that his due process rights were violated because he was improperly denied a witness statement from his mother, Nancy Wimberly. (ECF 1 at 3.) Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Wimberly's right to present evidence was satisfied. During his screening, he asked for a statement from his mother because she allegedly called the prison to report that he was afraid for his life. (ECF 1 at 2; 7-2 at 1.) Wimberly's request for his mother's statement was denied as irrelevant because his mother did not witness the May 16, 2019, incident where he refused to return to his housing unit and stated he

---

[1] Assuming Wimberly feared for his safety, there are administrative procedures in place to assist offenders in requesting protective custody and interfacility transfers. *See* https://secure.in.gov/idoc/files/02-01-107; https://www.in.gov/idoc/files/02-01-111. In fact, Wimberly's hearing was postponed while he was transferred from the Heritage Trails Correctional Facility to the Miami Correctional Facility in May 2019. (ECF 7-3 at 1.)

5

would refuse to enter any housing unit in the prison. (ECF 7-1 at 1; 7-5 at 1.) *Scruggs v. Jordan*, 485 F.3d 934, 939-40 (7th Cir. 2007) ("prison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings."); *Piggie v. Cotton*, 342 F.3d 660, 678 (7th Cir. 2003) (a hearing officer may deny witness or evidence requests that are irrelevant, repetitive, or unnecessary.). Thus, Wimberly's request was properly denied as irrelevant because his mother could not attest to the nature of his conduct on May 16, 2019. Furthermore, because Wimberly stated at the hearing that he had been threatened, any statement from his mother would have been repetitive and unnecessary because he had already presented his testimony to the hearing officer. *Wolff*, 418 U.S. at 566 (prison officials have discretion to "keep the hearing within reasonable limits").

However, even if Wimberly was improperly denied the opportunity to obtain a statement from his mother, he has not shown that the denial of this evidence resulted in actual prejudice rather than harmless error. *Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011). If Wimberly's mother had produced a statement that Wimberly was afraid for his life, it would not constitute exculpatory evidence because the undisputed evidence in this case establishes that he refused a prison officer's order to return to his housing unit and refused to enter any housing unit in the prison. Thus, Wimberly has not shown that a statement from his mother would have aided his defense or changed the outcome of the proceeding. Therefore, this second ground does not identify a basis for granting habeas corpus relief.

6

If Wimberly wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F. 3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Lanel Wimberly's petition for writ of habeas corpus (ECF 1) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on August 4, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT